FILED
JUL 31 2015
U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

Plaintiff,

v.  Criminal Action No. 1:15-CR-30

GREGORY N. CASON

Defendant.

## MEMORANDUM OPINION AND REPORT AND RECOMMENDATION

On July 20, 2015, came Defendant, Gregory N. Cason, in person and by counsel, William A. Kolibash and Edmund J. Rollo. Also came the United States of America, represented by Assistant United States Attorney Robert H. McWilliams, Jr., pursuant to Defendant's Motion to Dismiss Counts 1 and 3 of the Indictment (Docket No. 19).

### I. RELEVANT PROCEDURAL AND FACTUAL BACKGROUND

On March 03, 2015, the Grand Jury indicted Defendant on three counts: one count of Conspiracy to Defraud the United States, pursuant to 18 U.S.C. § 371; and two counts of Fraud and False Statements, pursuant to 26 U.S.C. § 7206(2) and Aiding and Assisting in the Preparation and Filing of False Tax Forms, pursuant to 18 U.S.C. § 2. (Docket No. 1.) On March 24, 2015, Defendant appeared before the undersigned and entered a plea of not guilty to all counts of the indictment. (Docket No. 10.) On April 06, 2015, this case was designated as complex. (Docket No. 13.) Defendant filed the instant Motion on June 30, 2015, moving the Court to dismiss Counts 1 and 3 of the indictment. (Docket No. 20.) The United States filed its response on July, 07, 2015. (Docket No. 25.) Oral argument on this matter was heard on July 20, 2015.

## II. CONTENTIONS OF THE PARTIES

<u>Defendant</u>

1. Counts 1 and 3 of the indictment should be dismissed for failure to identify, in the indictment, the persons for whom Defendant allegedly prepared falsified and fraudulent tax forms.

2. The indictment does not protect Defendant from double jeopardy and is therefore fatally flawed.

3. These errors are fatal and a fatally flawed indictment cannot be cured with a bill of particulars.

<u>The United States</u>

1. Counts 1 and 3 are sufficiently alleged both factually and so as to protect Defendant from double jeopardy.

2. Any omitted information can be provided through a bill of particulars

## III. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 7(c) states that a indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" Fed. R. Crim. P. 7. An indictment need not take any particular form. <u>United States v. Chinn</u>, 5 F.R.D. 226, 229 (S.D.W. Va.). So long as the charges are adequately constructed and sufficiently stated in the text of the indictment, the indictment is sufficient. <u>Id.</u>

When considering a motion to dismiss an indictment, a court ought to consider the sufficiency of the charges of which the defendant is accused. <u>United States v. Vanderhorst</u>, 2 F. Supp. 3d 792, 795 (D.S.C. 2014) The Court has held that "an indictment is sufficient if it, first,

contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974) (citing Hagner v. United States, 285 U.S. 427 (1932); United States v. Debrow, 346 U.S. 374 (1953)). Statutory language may be sufficient in an indictment provided that "[the] words of [of the statute] themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished." Id. (quoting United States v. Carll, 105 U.S. 611, 612 (1882)).

However, the statutory language "must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." Id. at 117-18 (quoting United States v. Hess, 124 U.S. 483, 487 (1888)). The language of an indictment need not lay out every specific factual contention of the Government's case-in-chief, but if certain facts are essential to provide a defendant with "reasonable certainty, of the nature of the accusation against him," the facts must be included in the indictment. Russell v. United States, 369 U.S. 749, 766 (1962) (internal quotations omitted).

## IV. DISCUSSION

### A. Count 1 of the Indictment

Count 1 of the indictment alleges that at numerous points from 2005 to 2010, Defendant "conspired with other persons known and unknown to the Grand Jury" to defraud the United States by aiding and assisting in the preparation of falsified tax forms in violation of 18 U.S.C. § 371. (Docket No. 1.) In this Count, the grand jury asserts in overt acts 1, 3, 5, 7, and 9 that Defendant caused to be filed tax returns and forms for AKA Enterprises, Inc., which contained materially false

3

statements for tax years 2005, 2006, 2007, 2008, and 2009 in furtherance of the conspiracy.

Through this count, the Government alleges a "Klein Conspiracy," or a "criminal conspiracy [ ] to thwart the IRS's efforts to determine and collect income taxes." United States v. Vogt, 910 F.2d 1184, 1202 (4th Cir. 1990). A Klein conspiracy is comprised of three elements: (1) the existence of an agreement, (2) an overt act by one of the conspirators in furtherance of the [agreement's] objectives, and (3) an intent on the part of the conspirators to agree, as well as to defraud the United States. Id. (internal quotations omitted). Defendant does not contend that a particular legal element is insufficiently alleged, but rather argues that the identity of the "persons known to the Grand Jury" is an essential fact because Defendant has prepared numerous tax filings and cannot adequately prepare a defense without specific details as to the filings in question. (Docket No. 20.)

Although factually dissimilar, the Court can look to United States v. Debrow for guidance, as the Supreme Court addressed a similar legal issues. In Debrow, a defendant was charged with perjury for false statements made in front of a Senate committee. 346 U.S. 374, 375 (1953). The defendant contended that because the indictment did not state the identity of the person who administered the oath or their authority to do so, he could not adequately prepare a defense and the indictment was invalid. Id.

The Court rejected this argument, first examining the elements of perjury: (1) a defendant takes an oath; (2) the oath is taken before a competent tribunal; and (3) false statements are willfully made as to material facts during the hearing. Id. The Court found that the indictment stated that the Defendant did take an oath and that was sufficient to establish a factual basis for the first and second element. Id. at 377. The Court further held that the specific identity and authority of the person who administered the oath was irrelevant so as to put the defendant on notice as to the charges being

faced. Id. at 377-378. The Court stated that if the defendant wanted definite information as to the name of the person who administered the oath, he "could have obtained it through a bill of particulars." Id.

As stated, the instant motion is factually dissimilar, but Debrow does provide guidance as to the legal principles governing the motion: the Court ought to consider the specifics of the charges alleged in the indictment and whether the factual allegations provide the Defendant with sufficient notice to defend against the charges. Id.

The indictment states all facts needed to satisfy the elements of the charge. The indictment states the existence of a conspiracy between Defendant and other parties "known to the Grand Jury"[1] to conduct the overt act of filing fraudulent tax forms, with the intention of defrauding the government. (Docket No. 1.) Furthermore, the indictment goes on to allege what the overt acts were by stating that Defendant prepared specific tax forms, containing materially false statements, for specific years. (Docket No. 1.) This lays out a clear factual basis for the allegations being made. Although not all members of the conspiracy are identified, the identity of AKA Enterprises, Inc. (a client of Defendant), is provided and gives Defendant a degree of certainty as to the specific nature of the charges pending against him.[2] Russell, 369 U.S. at 749. It is reasonable, reading the indicatment as a whole, to narrow the identities of the unnamed co-conspirators to AKA Enterprises Inc., and its principals. They are the only beneficiaries of returns filed on their behalf with false and

---

[1] As the Government has explained, the persons known to the Grand Jury were not named in the indictment, either because they are innocent non-conspirators or were the subjects of ongoing investigations at the time. Defendant has been provided the identity of these parties.

[2] AKA Enterprises, Inc. is a corporation that is registered within the state of West Virginia. A "business organization search," on the Secretary of State's website can provide Defendant with information as to the shareholders and officers.

unstated incomes, as that reduced their potential tax liability.

Based on the Court's analysis to the indictment in <u>Debrow</u>, when applied to the instant indictment, the Court finds that the indictment provides Defendant with the essential factual basis he needs to begin to defend against the charge of a Klein conspiracy. 346 U.S. at 377. As such, the requirement of Federal Rule of Criminal Procedure 7 is satisfied.

### B. Count 3 of the Indictment

Count three of the indictment charges Defendant with aiding and abetting (pursuant to 18 U.S.C. § 2) a "person known to the grand jury," in violation of 26 U.S.C. § 7206(2).

18 U.S.C. § 2 provides:

> **(a)** Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> **(b)** Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C.A. § 2. The Fourth Circuit has held that there are two elements to a charge of aiding and abetting: (1) the defendant knowingly associates with himself with the criminal venture; and (2) the defendant shares the principal's criminal intent. <u>United States v. Winstead</u>, 708 F.2d 925, 927 (4th Cir. 1983).

26 U.S.C. § 7206(2) makes it a crime to:

> Willfully aid[ ] or assist[ ] in, or procure[ ], counsel[ ], or advise[ ] the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document[.]

26 U.S.C.A. § 7206. The essential elements of this charge are: "(1) the defendant aided, assisted, or otherwise caused the preparation and presentation of a return; (2) that the return was fraudulent or false as to a material matter; and (3) the act of the defendant was willful." United States v. Aramony, 88 F.3d 1369, 1382 (4th Cir. 1996) (quoting United States v. Salerno, 902 F.2d 1429, 1432 (9th Cir.1990)).

The indictment alleges all of the required elements of these charges, stating that the defendant willfully (or in other words, knowingly and with intent) aided and abetted in the filing of fraudulent and false 1040 tax forms "for persons known to the Grand Jury." (Docket No. 1.). However, Defendant argues that the identities of the "persons known to the Grand Jury" is an essential fact relating to the elements of aiding abetting, without which he is incapable of adequately preparing his defense. (Docket No. 20.)

This differs from Count 1 in the sense that no co-conspirator (AKA Enterprises, Inc. or otherwise) is named in Count 3. (Docket No. 1.) Defendant argues that, as an accountant, he files numerous tax forms each year and it is impossible to ascertain from the indictment who he allegedly aided and abetted. (Docket No. 20.) As such, Defendant argues that without the identities of the alleged co-conspirators he cannot be on notice as to the nature of the charges or prepare a defense to the charges (Docket No. 20.) As a result, Defendant argues that the indictment is fatally flawed and Count 3 must be dismissed. (Docket No. 20.)

This specific issue has not been addressed by the Fourth Circuit. However, the Court can look to the district courts within the circuit for guidance. As the United States District Court for the Eastern District of Virginia has explained: "[w]here an indictment, . . . , sets forth the discrete acts

evidencing a defendant's involvement in a conspiracy, courts have held that the identities of co-conspirators need not be revealed." United States v. Macauley, No. 1:11CR199 JCC, 2011 WL 4853366, at *4 (E.D. Va. Oct. 13, 2011); see also United States v. Frye, No. 5:01-CR-30058, 2002 WL 385574, at *1 (W.D. Va. Feb. 20, 2002).

With this guidance in mind, the Court finds that Count 3 satisfies the requirements of Federal Rule of Criminal Procedure 7. The elements of the charges are adequately stated so as to provide Defendant reasonable notice of the pending charges. Russell, 369 U.S. at 749. While the identities of the co-conspirators have not been stated in the indictment, this information can be provided through a bill of particulars. Defendant has cited no binding authority to suggest that the identity of a co-conspirator is an essential fact that must be provided, in an indictment for aiding and abetting or aiding and assisting in preparation of fraudulent tax forms. As such, the Court follows the guidance of the unpublished district court decisions and finds that the identities of the "persons known to the Grand Jury" are not essential factual elements and that Count 3 is not fatally flawed.

## C. Double Jeopardy

As stated, the second requirement of an indictment is that it must protect a defendant from being prosecuted for the same crime in the future (more commonly known as "double jeopardy"). Hamling, 418 U.S. at 117. Defendant argues that because he is an accountant, who prepares numerous tax filings each year, the identity of the "persons known to the Grand Jury," must be stated in the indictment, to prohibit the government from filing the same charges and claiming the instant charges were based upon another set of filings conducted by Defendant. (Docket No. 20.)

This argument fails because, as the Supreme Court has explained, other portions of a record may be used to protect a defendant from double jeopardy. Russell, 369 U.S. at 764. This suggests

that where an indictment adequately states the charge, additional facts from outside of the indictment may be used to protect a defendant from double jeopardy, in the event that the Government were to refile charges following an acquittal. Id. Such is the case here. The indictment is adequate so as to provide notice of the charges pending against Defendant. As such, the indictment, when viewed with the rest of the record (including the discovery regarding the "persons known," that has already been provided) will give Defendant protection from double jeopardy.

**D. Contentions Raised During Oral Argument**

During oral argument, Defendant raised two contentions, upon which the Court was not briefed: (1) the indictment does not state "material misrepresentations" made by Defendant with adequate specificity; and (2) the information contained in the indictment ought to follow the forms laid out in the Department of Justice's Criminal Tax Manual.

**1. Material Misrepresentations**

During oral argument Defendant contended that overt acts 2, 4, 6, and 8, alleged in Count 1 of the indictment and the overt acts alleged in Count 3 are not stated with sufficient specificity. (Tr. P. 5-6.) Defendant argued that the indictment states that material misrepresentations are made regarding the tax forms of "persons known to the grand jury" but does not state what the materially false statements are or to whom they pertain and that this information is necessary for Defendant to prepare his defense, as Defendant prepares numerous tax filings each year. (Tr. P. 5.) The Government argued that virtually every line of the tax statements in question (which are identified in the indictment) are false, with the exception of the biographical information. (Tr. P. 13; Docket No. 1.). Moreover, the Court agrees with the Government's argument that because Defendant and his co-conspirators were hiding cash by paying some employees under the table and by not declaring

9

taxed sales, its not possible to state with more specificity the amount of material misrepresentations.

Regardless of the breadth of the alleged misstatements, the Court finds that the language of the indictment is sufficient. As stated, an indictment does not need to state every particular fact regarding the alleged crime, but rather "should provide [']some fact specific enough to describe a particular criminal act, rather than a type of crime.[']" United States v. Wharton, No. CRIM. ELH-13-0043, 2014 WL 1430387, at *8 (D. Md. Apr. 10, 2014).

Here, the indictment clearly states that specific tax forms for specific years of "persons known to the grand jury"[3], prepared by Defendant, contained material misrepresentations. (Docket No. 1.) There is no authority that suggests that every specific misstatement, or amount thereof, made on the forms prepared by Defendant must be stated in the indictment. The facts alleged are sufficient as they provide enough information to satisfy the two purposes of the indictment: (1) it puts Defendant on notice of the charges alleged; and (2) bars future prosecution in the event of an acquittal.[4] Hamling, 418 U.S. at 117

### 2. Criminal Tax Manual

During oral argument, Defendant suggested that it would have been more appropriate for the Grand Jury to indict Defendant using the language suggested by the Department of Justice's Criminal Tax Manual and include all information suggested by this form. (Tr. P. 6-7.) It should be noted at

---

[3] The Court has already established that this language is sufficient for an indictment and that the identity of the persons need not be revealed. United States v. Macauley, No. 1:11CR199 JCC, 2011 WL 4853366, at *4 (E.D. Va. Oct. 13, 2011).

[4] During oral argument, Defendant expressed that without a specific statement of the alleged misrepresentations, he is not protected from double jeopardy. (Tr. P. 8.) As has already been explained, other portions of a record may be used to protect a defendant from double jeopardy. Russell, 369 U.S. at 764

the onset, that the Criminal Tax Manual clearly states on the first page of the table of contents:

> [t]his Manual provides only internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter civil or criminal. Nor are any limitations hereby placed on otherwise lawful litigative prerogatives of the Department of Justice.

As such, any suggested language for indictments found in this manual should not be viewed as binding authority or anything more than internal guidance for Department of Justice employees. U.S. Dep't of Justice: Tax Div., Criminal Tax Manual (2012).

Furthermore, it is certainly not binding precedent within the Fourth Circuit. Provided that an indictment complies with the requirements of the Federal Rules of Criminal Procedure, it is sufficient, regardless of the form used in drafting the indictment. United States v. Gerhart, 275 F. Supp. 443, 452 (S.D.W. Va. 1967). It is not the place of the Court to second guess the Government or demand that the Government use a form suggested by a non-binding manual that prescribes more specific detail. After all, "The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged." Gerhart, 275 F. Supp. at 452. Based on the preceding discussion, the Court finds that the indictment in question does just that.

## V. CONCLUSIONS

While the exact nuances and details of the Government's case-in-chief are not disclosed in the indictment, these details are not necessary to put Defendant on notice and allow him to prepare an initial defense against the charges alleged. Further, because the indictment is not fatally flawed, the details that Defendant seeks can be learned through a bill of particulars or other methods of

11

discovery[5]. Debrow, 346 U.S. at 378. The purpose of the indictment is to inform Defendant of specific charges against him and the underlying (but not unabridged) factual basis for these charges. Hamling, 418 U.S. at 117-118. The indictment in question does just that. Resultantly, it is hereby **RECOMMENDED** that Defendant's Motion to Dismiss Counts 1 and 3 of the Indictment (Docket No. 19) be **DENIED**.

It is so **ORDERED**.

Any party may, within fourteen days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene Keeley, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

DATED: July 31 2015

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[5] And have, in large part, already been provided.