IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                      CRIMINAL NO. 1:15CR30
                                          (Judge Keeley)


GREGORY N. CASON,

          Defendant.

MEMORANDUM OPINION AND ORDER
OVERRULING OBJECTIONS [DKT. NO. 36],
ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 33], AND
DENYING MOTION TO DISMISS COUNTS ONE AND THREE [DKT. NO. 19]

     Pending before the Court is the "Motion to Dismiss Counts 1
and 3 of the Indictment" (dkt. no. 19) filed by the defendant,
Gregory N. Cason ("Cason"). Also pending are the report and
recommendation ("R&R") (dkt. no. 33) issued by the Honorable John
S. Kaull, United States Magistrate Judge, as well as Cason's
objections to the R&R (dkt. no. 36). For the reasons that follow,
the Court **OVERRULES** Cason's objections, **ADOPTS** the R&R, and **DENIES**
Cason's motion to dismiss Counts One and Three.

I. BACKGROUND

     On March 3, 2015, a grand jury sitting in Clarksburg, West
Virginia, returned an indictment, charging Cason, an accountant,
with three counts, two of which are relevant here. Count One
charges him with "conspiracy to defraud the Internal Revenue
Service and to aid and assist in the preparation and filing of
false tax forms," in violation of 18 U.S.C. § 371. Significantly,
the government enumerates ten overt acts supporting the conspiracy

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS,**
**ADOPTING REPORT AND RECOMMENDATION,**
**AND DENYING MOTION TO DISMISS COUNTS ONE AND THREE**

charge. Of those ten, four allege that, on various occasions, Cason "caused to be filed" with the IRS a "Form 1040" for "persons known to the Grand Jury which contained materially false statements" as to the individual incomes for those persons.

Count Three charges Cason with "aiding and assisting in the preparation and filing of false tax form," in violation of 26 U.S.C. § 7206(2) and 18 U.S.C. § 2. Specifically, it alleges that Cason, "aided and abetted by a person known to the Grand Jury, willfully aided and assisted in and procured, counseled and advised . . . in the preparation and filing of a 2008 Form 1040 'U.S. Individual Income Tax Return' for persons known to the Grand [J]ury by making materially false statements as to the 2008 income for those persons."

In Cason's motion to dismiss these two counts, he argues that, because the allegations do not identify the individuals for whom he allegedly prepared fraudulent tax returns, the Counts are "impermissibly uncertain and ambiguous" and thus "fatally flawed." (Dkt. No. 20 at 8). During oral argument before Judge Kaull, Cason also argued that the government's failure to identify the individuals in the indictment subjects him to double jeopardy, and that its failure to specify the allegedly "false statements" on the tax returns is fatal to the two Counts.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS,**
**ADOPTING REPORT AND RECOMMENDATION,**
**AND DENYING MOTION TO DISMISS COUNTS ONE AND THREE**

On July 31, 2015, Judge Kaull entered his R&R, which recommended that Cason's motion be denied. He concluded that the allegations in the indictment are sufficient, and rejected Cason's double jeopardy argument. Cason objects, by reiterating his arguments regarding specificity and double jeopardy, and urging that the R&R requires him to "guess what the essential facts are." (Dkt. No. 36 at 2).

## II. DISCUSSION

Under Fed. R. Crim. P. 7(c)(1), indictments must contain "a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Additionally, the Supreme Court of the United States has identified "two constitutional requirements for an indictment: 'first, [that it] contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, [that it] enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" United States v. Resendiz-Ponce, 549 U.S. 102, 108 (2007) (alterations in original) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)); see also United States v. Ali, 735 F.3d 176, 193 (4th Cir. 2013).

Cason contends that Counts One and Three are defective under Fed. R. Crim. P. 7(c)(1) because they do not state the essential

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS,**
**ADOPTING REPORT AND RECOMMENDATION,**
**AND DENYING MOTION TO DISMISS COUNTS ONE AND THREE**

facts. "Specifically," Cason argues, "the glaring 'essential fact' missing from Counts 1 and 3 is the identity of the persons for whom the various Form 1040 'U.S. Individual Income Tax Returns' were prepared." (Dkt. No. 20 at 7-8). He emphasizes that, "[w]ithout question, the identities of the 'persons known to the Grand Jury' for whom these Returns were prepared are 'essential facts.'" Id. at 8.

Cason's argument is meritless on its face. See Rogers v. United States, 340 U.S. 367, 375 (1951) ("Of course, at least two persons are required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown."); United States v. Smith, 43 F.3d 1469, at *2 (4th Cir. 1994) (per curiam) (unpublished table decision) ("The indictment is not legally insufficient in failing to name coconspirators."); United States v. Goodwin, 492 F.2d 1141, 1144 (5th Cir. 1974) ("A person can be convicted of conspiring with persons who are not identified by name in an indictment so long as the indictment asserts that such other persons exist and the evidence supports such an assertion."); United States v. Gasoline Retailers Ass'n, Inc., 285 F.2d 688, 690 (7th Cir. 1961) ("We are of the opinion that it was not necessary for the indictment to

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS,**
**ADOPTING REPORT AND RECOMMENDATION,**
**AND DENYING MOTION TO DISMISS COUNTS ONE AND THREE**

specify the names of co-conspirators even though they were known to the grand jury."); <u>United States v. Giuseppe Bottiglieri Shipping Co., S.P.A.</u>, No. 12-57-WS-C, 2012 WL 1899844, at *3 (S.D. Ala. May 24, 2012) ("[A]s a matter of black-letter law, an indictment need not name all members of a conspiracy in order to satisfy minimum constitutional guarantees.").

Even if the indictment in this case were defective for failing to name the co-conspirators, which it is not, the defect is harmless without a showing of prejudice to the defendant. In <u>United States v. Amend</u>, 791 F.2d 1120, 1124-25 (4th Cir. 1986), the defendant, Amend, argued that "the indictment was insufficient" primarily for failing to allege "the names of the five individuals with whom she acted in concert." The Fourth Circuit rejected that argument, citing the following reason:

> [T]he government maintained an "open file" policy in this case and all information identifying the alleged participants was available to Amend and her counsel. Her counsel admits that prior to trial he obtained all necessary information from the government's files. Amend, therefore, suffered no prejudice from any alleged lack of specificity in this regard or from the denial of the bill of particulars.

<u>Id.</u> at 1125.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS,
ADOPTING REPORT AND RECOMMENDATION,
AND DENYING MOTION TO DISMISS COUNTS ONE AND THREE**

Here, the government has provided Cason with the names of the three alleged co-conspirators.[1]  (Dkt. No. 25 at 3 n.1).  Cason acknowledges this, but nevertheless argues "that's not sufficient" because "[t]he Government is bound by the four corners of the indictment."  (Dkt. No. 32 at 6:10-11).  Besides the fact that Cason is demanding something to which the law does not entitle him, his attempt to elevate form over the lack of any prejudice is misguided.  See Russell v. United States, 369 U.S. 749, 763 (1962) ("This Court has, in recent years, upheld many convictions in the face of questions concerning the sufficiency of the charging papers.  Convictions are no longer reversed because of minor and technical deficiencies which did not prejudice the accused.") (internal quotation marks and citation omitted).

Cason's argument regarding the lack of specificity as to the allegedly false statements fails for the same reasons.  Cason has the names of the alleged co-conspirators, and the indictment

---

[1] To be clear, the government had no obligation to do this.  See, e.g., United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004) ("[T]he Government is not required to furnish the name of all other co-conspirators in a bill of particulars."); United States v. Miller, 250 F.R.D. 588, 600 (D. Kan. 2008) ("[S]ome of the detail that defendants complain is lacking, is not required to be in an indictment; nor is a bill of particulars meant to be a discovery device for this information. Specifically, neither the Indictment nor the bill of particulars need identify:  . . . the names of all persons that the government claims were co-conspirators . . . .").

specifies both the type of tax returns involved and the taxable years for which they were filed.  Thus, Cason knows exactly which Form 1040s are at issue.  Nevertheless, he contends that the indictment must specify exactly which line of these forms is alleged to be false.

As the government clarified during oral argument, Cason is alleged not to have included cash income on any of the relevant tax returns.  Because nearly every line on the Form 1040s includes cash income, the government has stated that "virtually every line is false." (Dkt. No. 32 at 10:15).  As it went on to explain, "that's why we don't specify in [the indictment] which lines are false." (Dkt. No. 32 at 10:16-17).  Not only is this a rational explanation by the government, but it also puts Cason on notice that every line on the relevant returns that includes cash income is alleged to be false.

More importantly, the government's explanation is unnecessary because the law does not require anything beyond what is already included in the indictment.  See United States v. Mermelstein, 487 F. Supp. 2d 242, 251 (E.D.N.Y. 2007) ("A false statement charge . . . need not specify in the indictment the particular false statements upon which the charge is based."); United States v. Sullivan, No. S102CR.1144, 2004 WL 253316, at *3 (S.D.N.Y. Feb. 10,

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS,**
**ADOPTING REPORT AND RECOMMENDATION,**
**AND DENYING MOTION TO DISMISS COUNTS ONE AND THREE**

2004) ("There is no precedent that requires that indictments identify each and every statement the Government might argue at trial is false."); <u>United States v. Lang</u>, 766 F. Supp. 389, 396 (D. Md. 1991) ("Although Count 2 does not identify the exact false entries which comprise the allegedly fictitious income and expenses on the Form 10-Q, the Court does not interpret the law to require dismissal of the Count on this basis.").

At bottom, Cason has demanded a level of specificity that exceeds what is required by law. As the Supreme Court has explained on multiple occasions,

> the Federal Rules "were designed to eliminate technicalities in criminal pleadings and are to be construed to secure simplicity in procedure." <u>United States v. Debrow</u>, 346 U.S. 374, 376 (1953). While detailed allegations might well have been required under common-law pleading rules . . . , they surely are not contemplated by Rule 7(c)(1) . . . .

<u>Resendiz-Ponce</u>, 549 U.S. at 110 (citation omitted).

Turning to the issue of double jeopardy, Cason's argument seems to be that, if the government goes to trial without identifying the co-conspirators and Cason is ultimately acquitted, the government could bring the same charges involving the same individuals a second time. This, however, is no longer an issue because the government has provided Cason the names of the taxpayers involved and has stated those names on the record. (Dkt.

**MEMORANDUM OPINION AND ORDER OVERRULING OBJECTIONS,**
**ADOPTING REPORT AND RECOMMENDATION,**
**AND DENYING MOTION TO DISMISS COUNTS ONE AND THREE**

No. 32 at 9:8-15).  Therefore, "it can hardly be doubted that [Cason] would be fully protected from again being put in jeopardy for the same offense, particularly when it is remembered that [he] could rely upon other parts of the present record in the event that future proceedings should be taken against [him]." Russell, 369 U.S. at 764.

### III. CONCLUSION

In conclusion, the Court finds no basis to dismiss either Count One or Count Three of the indictment.  It therefore **OVERRULES** Cason's objections, **ADOPTS** the R&R, and **DENIES** Cason's motion to dismiss.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: August 19, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE