IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**      //     CRIMINAL ACTION NO. 1:15CR30
                                    (Judge Keeley)

**GREGORY N. CASON,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING GOVERNMENT'S
MOTION TO DISQUALIFY DEFENDANT'S COUNSEL [DKT. NO. 57]**

Pending before the court is the motion filed by the United States to disqualify counsel for the defendant, Gregory Cason ("Cason") (dkt. no. 57). According to the United States, Cason's counsel, Edmund Rollo ("Rollo"), testified during a recent suppression hearing before the magistrate judge regarding certain admissions allegedly made by Cason on June 3, 2010. Because Rollo testified that he had counseled Cason the morning before he made his statements, the government contends that further testimony from Rollo will be necessary at trial. As such, it now seeks to disqualify Rollo on the ground that it would inappropriate for him to serve as counsel for Cason because he is likely to be a necessary witness at trial. For the reasons that follow, the Court concludes that disqualification is appropriate and, therefore, **GRANTS** plaintiff's motion.

**MEMORANDUM OPINION AND ORDER GRANTING GOVERNMENT'S
MOTION TO DISQUALIFY DEFENDANT'S COUNSEL [DKT. NO. 57]**

## I. BACKGROUND

On May 28, 2010, the Tax Division of the United States Department of Justice authorized a grand jury investigation into allegations of tax fraud committed by Cason, an accountant in Morgantown, West Virginia. Pursuant to the investigation, two IRS Special Agents ("Agents") visited Cason's home on June 3, 2010, to execute a search warrant on his office. After identifying themselves to Cason and explaining the purpose of their visit, the Agents accompanied Cason to his office. Once inside the office, the Agents showed Cason the warrant and began asking him to review and make statements regarding several tax records.

Throughout the conference room interview, Cason received multiple calls on his cellular phone from attorney Rollo. During the first call, Rollo inquired about the situation, to which Cason responded that he and the Agents were reviewing information related to one of Cason's clients. Approximately one hour later, Rollo called a second time and was told by Cason that the Agents were only questioning him. After hanging up with Rollo, Cason was shown portions of a recorded telephone call, in which he allegedly made incriminating statements. At that point, Cason terminated the interview, left the office, and called Rollo. Soon thereafter, Rollo arrived at Cason's office and proceeded to speak with the

Agents. After listening to a portion of the recorded phone call, Rollo informed the officers that "there would be no additional questions at that time."

On March 3, 2015, the Grand Jury indicted Cason on three counts. Count One charges "conspiracy to defraud the [IRS] and to aid and assist in the preparation and filing of false tax forms," in violation of 18 U.S.C. § 371. Counts Two and Three each charge a separate incident of "aiding and assisting in the preparation and filing of false tax form," in violation of 18 U.S.C. § 2 and 26 U.S.C. § 7206(2). On June 30, 2015, Cason filed a motion to suppress "all statements made by him to the IRS agents on June 3, 2010." (Dkt. No. 17 at 3). During a suppression hearing held before then United States Magistrate Judge John S. Kaull on July 20, 2015, Cason called Rollo as a witness. During his testimony, Rollo stated that he had counseled Cason throughout the morning of the investigation. At one point, Rollo described Cason as sounding like he was "in a panic" because he had learned that he "was a target of a criminal investigation." (Dkt. 32 105:4-8).

On May 5, 2016, the government filed the instant motion, seeking to have Rollo disqualified because of his testimony during the suppression hearing. According to the motion, Cason will need to use Rollo's testimony if he intends to refute the government's

allegation that his confession on June 3, 2010, was voluntary. Therefore, unless Cason concedes the issue of voluntariness, it would be inappropriate for Rollo to remain in the case as counsel given that he would likely be a necessary witness. Cason did not file a response in opposition to the motion.

## II. DISCUSSION

This case presents a question of ethical conduct. As the Fourth Circuit has held, "[t]he roles of witness and advocate are fundamentally inconsistent and when . . . a lawyer ought to testify as a witness for his client, he must as a rule withdraw from advocacy." Int'l Woodworkers of Am. v. Chesapeake Bay Plywood Corp., 659 F.2d 1259, 1272 (4th Cir. 1981) (citing Model Code of Prof'l Responsibility EC 5-9 (Am. Bar Ass'n 1980)). Importantly, "[w]here the question arises, doubts should be resolved in favor of the lawyer testifying and against his becoming or continuing as an advocate." Id. at 1273 n.21 (quoting Model Code of Prof'l Responsibility EC 5-10 (Am. Bar Ass'n 1980)).

Ethical conduct in this Court is additionally governed by the District Local Rules, which state that "attorneys shall conduct themselves in accordance with the Rules of Professional Conduct and the Standards of Professional Conduct adopted by the Supreme Court of Appeals of West Virginia, and the Model Rules of Professional

Conduct . . . ." LR Gen P 84.01. Indeed, an examination of the West Virginia Rules of Professional Conduct, Rule 3.7, provides a standard echoing that of the Fourth Circuit:

> (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
> (1) the testimony relates to an uncontested issue
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
> (3) disqualification of the lawyer would work substantial hardship on the client.

W. Va. Rules of Prof'l Conduct r. 3.7 (2015).

Cason did not file a response in opposition to the government's motion. Nevertheless, the Court must determine whether disqualification is proper under the rules and the facts here. Examined under Rule 3.7, it does not appear that Rollo's testimony qualifies for any of the outlined exceptions to disqualification. First, the issue to which Rollo's testimony relates, the voluntariness of Cason's statements, is clearly a contested issue. Second, the testimony does not have any connection to the nature or value of Rollo's legal services.

It also does not appear that Cason would suffer any substantial hardship as a result of Rollo's disqualification, given that he has retained a second attorney as counsel. Above all, the Fourth Circuit has held that when this question arises, doubts

should be resolved against the lawyer continuing as an advocate. Accordingly, the Court concludes that disqualification is mandated here and **GRANTS** the government's motion.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: August 2, 2016.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE