FILED

MAY 1 0 2017

U.S. DISTRICT COURT-WVND
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

       Plaintiff,

v.                              CRIMINAL NO. 1:15CR30
                                    (Judge Keeley)

GREGORY N. CASON,

       Defendant.

### JURY CHARGE

You have heard the evidence, and I must now instruct you as to the law applicable to this case. The final arguments of counsel will follow these instructions.

As you know, the trial function of the judge is to preside in such manner that proper and relevant evidence is presented, and to instruct the jury on the law applicable to the case.

Your function as the jury, on the other hand, is to determine the facts from a fair consideration of the evidence presented in the case and not from anything else. The evidence should be considered and viewed by you in the light of your own observations and experience in the ordinary affairs of life.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Indictment as to the defendant, Gregory N. Cason, and the denial made by his "Not Guilty" plea to the three-count Indictment. You are to perform this duty without bias or prejudice to any party. The law does not permit you to be governed by conjecture, suspicion, surmise,

USA v. CASON                                               1:15CR30

## FINAL JURY INSTRUCTIONS

sympathy, speculation, prejudice or public opinion. Nor may your verdict be based on any of these things. The defendant and the public expect that you will carefully and impartially consider all the evidence in the case, and follow the law as stated by the Court.

### INDICTMENT

As I earlier indicated to you, an Indictment is but a formal method of accusing a defendant of a crime. As you know, an Indictment is not evidence of any kind against the defendant. It does not create any presumption or permit any inference of guilt. It is merely the formal means by which the Government accuses an individual of a crime in order to bring him to trial. The defendant has answered the charge in this case by pleading not guilty and you must not be prejudiced against him.

### TYPES OF EVIDENCE

There are two types of evidence from which you may find the truth as to the facts of a case -- direct evidence and circumstantial evidence.

Direct evidence is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.

USA v. CASON                                              1:15CR30

### FINAL JURY INSTRUCTIONS

Circumstantial evidence is proof of a chain of facts and circumstances indicating some further fact which, in a criminal case, may bear on the guilt or innocence of a defendant.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

Unless you are otherwise instructed, anything you may have read, heard, or seen outside the courtroom is not evidence, and must be entirely disregarded.

You are to consider only the evidence in the case.  But in your consideration of the evidence, you are not limited to the bald statements of the witnesses.  In other words, you are not limited solely to what you saw and heard as the witnesses testified.  You are permitted to draw, from facts which you find have been proven, such reasonable inferences as you believe are justified in the light of experience.

USA v. CASON                                                  1:15CR30

## FINAL JURY INSTRUCTIONS

### STATEMENTS AND ARGUMENTS OF COUNSEL

As I have also indicated to you, the unsworn statements and arguments of counsel during opening statement and closing argument are not evidence in the case. They are intended only to assist the jury in understanding the evidence and the contentions made.

### QUESTIONS OR REMARKS OF COURT

Further, no statement, ruling, question, remark or comment which I have made during the course of the trial was intended to indicate my opinion as to how you should decide the case or to influence you in any way in your determination of the facts, nor should you draw any inferences from anything I may have said. You alone are to judge for yourselves the questions of fact in this case.

### PRESUMPTION OF INNOCENCE

In resolving these issues, you must bear in mind that, under the law of our land, the defendant, Gregory N. Cason, is presumed to be innocent -- and this presumption of innocence remains with him at every stage of the trial. Thus, the defendant, although accused, begins the trial with a "clean slate" -- with no evidence against him. The presumption of innocence alone is sufficient to acquit a defendant, unless you are satisfied beyond a reasonable

4

USA v. CASON                                           1:15CR30

## FINAL JURY INSTRUCTIONS

doubt of his guilt after careful and impartial consideration of all the evidence in the case.

### BURDEN OF PROOF

In this case, as in every criminal case, the burden of proof is upon the United States to establish, first, the fact that the crime charged was committed and second, that the defendant on trial is guilty of the commission of the particular crime as charged, beyond a reasonable doubt.

This burden never shifts to the defendant, but remains upon the United States throughout the trial.

You should weigh all the evidence in the case. After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt, you must find him not guilty.

### REASONABLE DOUBT

A reasonable doubt means in law just what the words imply, namely, a doubt based upon reason and common sense. Its meaning is self-evident and I will not attempt to define the term further.

### LOCATION/ON OR ABOUT

It is not necessary for the government to prove the exact location of the commission of an alleged offense. It is sufficient if the evidence in the case establishes beyond a reasonable doubt

USA v. CASON                                          1:15CR30

## FINAL JURY INSTRUCTIONS

that the offense was committed within the Northern District of West Virginia.

You will note also that the Indictment charges that the offense was committed "in or about" a certain year and "on or about" a certain date.  The proof need not establish with certainty the exact date of the alleged offense.  It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

## CREDIBILITY OF WITNESSES

As you recall from my preliminary instructions to you, you as jurors are the sole judges of the credibility of the witnesses and the weight their testimony deserves.

You are not required to accept testimony, even though the testimony is uncontradicted and the witness is not impeached.

You should carefully consider each witness's intelligence, motive, state of mind, and demeanor and manner while on the stand.  Consider also any relation each witness may bear to either side of the case, the manner in which each witness might be affected by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or

USA v. CASON                                              1:15CR30

## FINAL JURY INSTRUCTIONS

may not cause the jury to discredit such testimony.   Two or more persons witnessing an incident or a transaction may see or hear it differently;   an   innocent   misrecollection,   like   failure   of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

In addition, the testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony.   As a general rule, earlier   contradictory   statements   are   admissible   only   to impeach the credibility of the witness, and not to establish the truth of those statements.

If a witness is shown to have knowingly testified falsely concerning any material matter, or conducted himself or herself in a manner that indicates a propensity to lie, or involves some element of deceit or untruthfulness, you have a right to distrust the testimony of that witness in other particulars, and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

In this connection, the weight of the evidence is not necessarily determined by the number of witnesses testifying.

USA v. CASON                                                                1:15CR30

<u>FINAL JURY INSTRUCTIONS</u>

Rather, you should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of greater credence or believability.

<u>STATEMENTS OF CO-CONSPIRATORS</u>

You have heard that the alleged co-conspirators may have made certain statements during and in furtherance of the conspiracy.

Whether these statements were made and, if they were, what weight you should give them is entirely up to you. In other words, these are questions of fact properly left to a jury to decide.

In determining what weight to give this evidence, if any, you should consider the credibility of the witness(es) and the totality of the circumstances surrounding the alleged statements. Whether the evidence is credible, partially credible, or not credible at all, is entirely for you to decide.

<u>LAW ENFORCEMENT AND GOVERNMENT AGENT TESTIMONY</u>

The testimony of a law enforcement or other Government agent, such as an IRS Agent, is entitled to no special or exclusive sanctity. A law enforcement officer or other Government Agent who takes the witness stand subjects his or her testimony to the same examination and the same tests that any other witness does. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance

USA v. CASON                                                    1:15CR30

## FINAL JURY INSTRUCTIONS

it just as carefully as you would the testimony of any other witness. People employed by the Government, including law enforcement agents, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight than that of other witnesses.

### A DEFENDANT'S ELECTION TO TESTIFY

As I stated in my Preliminary Instructions to you, the law does not compel a defendant in a criminal case to take the witness stand and testify. Once a defendant, such as Gregory N. Cason, waives his right to remain silent and testifies, however, as is the case here, you should judge his testimony in the same manner as you judge the testimony of any other witness.

### AUDIO RECORDINGS

You have heard the audio recordings that were received in evidence. What you heard in the recordings is the evidence, and as with all other evidence, you must give it such weight you feel it deserves.

### SUMMARY CHARTS

Government's exhibits 4, 4A, 4B, 4C, and 7 are "summary charts" in spreadsheet form, that is, they are charts which seek to simplify or summarize tax and financial information relevant to the charges in the Indictment.

9

USA v. CASON                                                    1:15CR30

## FINAL JURY INSTRUCTIONS

Whether the summary charts correctly or incorrectly summarize the underlying evidence is for you to determine. The summary charts are not themselves independent evidence of anything.

Should you decide that the summary charts are incorrect or inaccurate in any way, you should disregard them to that extent.

### JUDICIAL NOTICE

During the trial, I told you that I was taking judicial notice that the documents contained in Government's Exhibit 20 are authentic, and you may therefore accept those documents as authentic. It is always up to you, however, to decide what facts are established by the documents and what inferences are to be drawn from them. Although I took judicial notice of the authenticity of Government's Exhibit 20, you should not consider it as evidence of the defendant's guilt as to the charges against him. Rather, it may only be considered by you as to the credibility of the defendant's testimony.

### VERDICT BASED ON EVIDENCE

You are to return your verdict upon the basis of the evidence which was presented to you at the trial and in accordance with these instructions that I am in the process of giving to you. If the evidence in the case convinces you beyond a reasonable doubt that the defendant is guilty of the offense charged in the

USA v. CASON                                                    1:15CR30

## FINAL JURY INSTRUCTIONS

Indictment, then it will be your duty to find the defendant guilty of that count.

On the other hand, if a reasonable doubt exists in your mind concerning the guilt of the defendant as to the offense charged in the Indictment, then it will be your duty to find the defendant not guilty of that count.

### ONLY CHARGES ARE THOSE CONTAINED IN THE INDICTMENT

I caution you, members of the jury, that you are here to determine whether the government has proved or failed to prove the guilt of the defendant, Gregory N. Cason, as to the charges set forth in the Indictment. The defendant is not on trial for any act or conduct or offense not alleged in the Indictment.  Neither are you called upon to return a verdict as to the guilt or innocence of any other person or persons not on trial as a defendant in this case.

### PUNISHMENT

The punishment provided by law for the offense charged in the Indictment is a matter which should never be considered by the jury in any way in arriving at an impartial verdict as to the guilt or innocence of the defendant.

USA v. CASON                                                    1:15CR30

## FINAL JURY INSTRUCTIONS

### FOLLOWING INSTRUCTIONS AS A WHOLE

You, as jurors, are the judges of the facts. But in determining what actually happened in this case -- that is, in reaching your decision as to the facts -- it is your sworn duty to follow the law I am now in the process of defining for you.

You must follow all of my instructions as a whole. You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule that I may state to you. That is, you must not substitute your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I give it to you, regardless of the consequences.

### VERDICT

By the same token it is also your duty to base your verdict solely upon the testimony and evidence in the case, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors in this case, and they have the right to expect nothing less.

### INSTRUCTIONS REGARDING SPECIFIC CHARGES

I will now provide you instructions relating to the specific charges in the Indictment.

12

USA v. CASON                                                1:15CR30

## FINAL JURY INSTRUCTIONS

### COUNT ONE OF THE INDICTMENT
### Conspiracy to Defraud the Internal Revenue Service and to Aid and Assist in the Preparation and Filing of False Tax Forms

Count One charges that from in or about 2005, the exact beginning date being unknown to the Grand Jury, to in or about June 2010, in Morgantown, Monongalia County, in the Northern District of West Virginia, and elsewhere, the defendant, Gregory N. Cason, conspired with other persons known and unknown to the Grand Jury to commit offenses against the United States and to defraud the United States and an agency thereof in a manner in which they aided and assisted in the preparation and filing of false tax forms and defrauded the Internal Revenue Service for the purpose of impeding, impairing, obstructing and defeating the lawful government functions of the Internal Revenue Service of the Department of the Treasury in the ascertainment, computation, assessment, and collection of revenue: to wit, income and employment taxes and did acts to effect the objects of the conspiracy; that is to say:

### Overt Acts

1.   In or about February 2006, the defendant caused to be filed with the Internal Revenue Service a Form 1120S "U.S. Income Tax Return for an S Corporation" for AKA Enterprises, Inc., which contained materially false statements as to the 2005 gross receipts

USA v. CASON                                                    1:15CR30

## FINAL JURY INSTRUCTIONS

and sales, in that the return failed to include thousands of dollars in cash sales received by AKA Enterprises, Inc.;

2.   In or about October 2006, the defendant caused to be filed with the Internal Revenue Service a 2005 Form 1040 "U.S. Individual Income Tax Return" for persons known to the Grand Jury which contained materially false statements as to the 2005 income for those persons;

3.   In or about March 2007, the defendant caused to be filed with the Internal Revenue Service a Form 1120S "U.S. Income Tax Return for an S Corporation" for AKA Enterprises, Inc., which contained materially false statements as to the 2006 gross receipts and sales, in that the return failed to include thousands of dollars in cash received by AKA Enterprises, Inc.;

4.   In or about April 2007, the defendant caused to be filed with the Internal Revenue Service a 2006 Form 1040 "U.S. Individual Income Tax Return" for persons known to the Grand Jury which contained materially false statements as to the 2006 income for those persons;

5.   In or about March 2008, the defendant caused to be filed with the Internal Revenue Service a Form 1120S "U.S. Income Tax Return for an S Corporation" for AKA Enterprises, Inc., which contained materially false statements as to the 2007 gross receipts and

USA v. CASON                                              1:15CR30

## FINAL JURY INSTRUCTIONS

sales, in that the return failed to include thousands of dollars in cash received by AKA Enterprises, Inc.;

6.   In or about October 2008, the defendant caused to be filed with the Internal Revenue Service a 2007 Form 1040 "U.S. Individual Income Tax Return" for persons known to the Grand Jury which contained materially false statements as to the 2007 income for those persons;

7.   In or about August 2009, the defendant caused to be filed with the Internal Revenue Service a Form 1120S "U.S. Income Tax Return for an S Corporation" for AKA Enterprises, Inc., which contained materially false statements as to the 2008 gross receipts and sales, in that the return failed to include thousands of dollars in cash received by AKA Enterprises, Inc.;

8.   In or about October 2009, the defendant caused to be filed with the Internal Revenue Service a 2008 Form 1040 "U.S. Individual Income Tax Return" for persons known to the Grand Jury which contained materially false statements as to the 2008 income for those persons;

9.   Every quarter from 2005 through 2009, the defendant caused to be filed with the Internal Revenue Service Forms 941, "Employer's Quarterly Federal Tax Return," which contained materially false statements as to the wages, tips and other compensation being paid

15

USA v. CASON                                                    1:15CR30

## FINAL JURY INSTRUCTIONS

by AKA Enterprises L.L.C., in that the forms failed to include cash being paid to some employees; and,

10.  Other overt acts

in violation of Title 18, United States Code Section 371.

### <u>COUNT ONE - Statute Involved</u>

Title 18, United States Code, Section 371 provides, in pertinent part, that:

> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy

they shall be guilty of an offense against the United States.

### <u>Essential Elements of Count One</u>

In order to establish a criminal conspiracy the government must establish:

**First:**      That there was an agreement between two or more persons to violate the federal criminal law;

**Second:**     That the defendant, Gregory N. Cason, knew of the conspiracy;

**Third:**      That the defendant, Gregory N. Cason, knowingly and voluntarily became a part of this conspiracy; and

**Fourth:**     That at least one "overt act" (or active step) was taken in furtherance of the conspiracy.

USA v. CASON                                                    1:15CR30

## FINAL JURY INSTRUCTIONS

The word "knowingly," as that term is used in Count One, means that the act was done voluntarily and intentionally, not because of mistake or accident.

Under the law, a "conspiracy" is an agreement or a kind of "partnership in criminal purposes" in which each member becomes the agent or partner of every other member.

In order to establish a conspiracy offense it is not necessary for the Government to prove that those who were members had entered into any formal type of agreement. Also, because the essence of a conspiracy offense is the making of the scheme itself, it is not necessary for the Government to prove that the conspirators actually succeeded in accomplishing their unlawful plan.

A person may become a member of a conspiracy without full knowledge of all of the details of the unlawful scheme or the names and identities of all of the other alleged conspirators. So, if a defendant has an understanding of the unlawful nature of a plan and knowingly and willfully joins in that plan on one occasion, that is sufficient to convict for conspiracy even though he had not participated before and even though he played only a minor part.

Such an agreement in this case may include evidence of an agreement: 1) to file or cause to be filed false personal income tax returns (1040 forms); 2) to file or cause to be filed false

USA v. CASON                                                    1:15CR30

### FINAL JURY INSTRUCTIONS

corporate returns (1120S forms); 3) to file or cause to be filed false Employer's Quarterly Federal Tax Returns (941 forms); or 4) any other activity, even legal activity, if done willfully for the purpose of impeding, impairing, obstructing or defeating the lawful governmental functions of the Internal Revenue Service of the Department of Treasury in the ascertainment, computation, assessment or collection of income and employment taxes.

Of course, mere presence at the scene of a transaction or event, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a conspirator.

If you find that the Government has proved each and every one of the four (4) essential elements as to Count One beyond a reasonable doubt, you may find the defendant, Gregory N. Cason, guilty of the charge of Conspiracy to Defraud the Internal Revenue Service and to Aid and Assist in the Preparation and Filing of False Tax Forms.  On the other hand, if you find that the Government has failed to prove, beyond a reasonable doubt, any one (or more) of the four (4) essential elements of the charged

18

USA v. CASON                                            1:15CR30

FINAL JURY INSTRUCTIONS

offense, you must find the defendant, Gregory N. Cason, not guilty of that offense.

### COUNTS TWO AND THREE OF THE INDICTMENT
### Aid and Assist in the Preparation and Filing of False Tax Forms

Counts Two and Three of the Indictment charge the defendant, Gregory N. Cason, with aiding and assisting in the preparation and filing of false tax forms. Each count is for a separate tax form filing and must be considered by you separately.

**Count Two** of the Indictment charges that on or about August 4, 2009, in Morgantown, Monongalia County, in the Northern District of West Virginia, and elsewhere, the defendant, Gregory N. Cason, aided and abetted by persons known to the Grand Jury, willfully aided and assisted in and procured, counseled, and advised the preparation and presentation under and in connection with a matter arising under the internal revenue laws of a return which was fraudulent and false as to a material matter in the preparation and filing of a 2008 Form 1120S "U.S. Income Tax Return for an S Corporation" for AKA Enterprises, Inc., by making materially false statements as to the 2008 gross receipts and sales by not including thousands of dollars in cash sales received by AKA Enterprises, Inc., and by not including cash wages paid by AKA Enterprises, Inc., to one or more employees, in violation of Title 18, United

USA v. CASON                                                    1:15CR30

## FINAL JURY INSTRUCTIONS

States Code Section 2, and Title 26, United States Code Section 7206(2).

**Count Three** of the Indictment charges that on or about October 9, 2009, in Morgantown, Monongalia County, in the Northern District of West Virginia, and elsewhere, the defendant, Gregory N. Cason, aided and abetted by a person known to the Grand Jury, willfully aided and assisted in and procured, counseled and advised the preparation and presentation under and in connection with a matter arising under the internal revenue laws of a return which was fraudulent and false as to material matters in the preparation and filing of a 2008 Form 1040 "U.S. Individual Income Tax Return" for persons known to the Grand Jury by making materially false statements as to the 2008 income for those persons, in violation of Title 18, United States Code Section 2, and Title 26, United States Code Section 7206(2).

### COUNTS TWO AND THREE - Statutes Involved

Title 18, United States Code, Section 2 provides that:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission is punishable as a principal.

(b) Whoever willfully causes an act to be done, which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

20

USA v. CASON                                                    1:15CR30

<u>FINAL JURY INSTRUCTIONS</u>

Title 26, United States Code, Section 7206(2) provides, in pertinent part, that any person who:

> Willfully aids or assists in, or procures, counsels, or advises the preparation or presentation under, or in connection with any matter arising under, the internal revenue laws, of a return, affidavit, claim, or other document, which is fraudulent or is false as to any material matter, whether or not such falsity or fraud is with the knowledge or consent of the person authorized or required to present such return, affidavit, claim, or document

shall be guilty of an offense against the United States. Each count is for a separate tax form filing and must be considered by you separately.

### Aiding and Abetting Explained

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself may also be accomplished by him through the direction of another person as his agent, or by acting in concert with, or under the direction of, another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other

21

USA v. CASON                                          1:15CR30

### FINAL JURY INSTRUCTIONS

persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself in some way with the crime and participate in it with the intent to bring about the crime.

Of course, mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find the defendant, Gregory N. Cason, guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

### Essential Elements of Counts Two and Three

In order to meet its burden of proof for the crime of willfully aiding and assisting in the preparation of false tax forms as charged in Counts Two and Three of the Indictment, the government must prove the following three elements beyond a

USA v. CASON                                                    1:15CR30

## FINAL JURY INSTRUCTIONS

reasonable doubt:

**First:**    That the defendant, Gregory N. Cason, aided or assisted in, procured, counseled, or advised the preparation or presentation of a document in connection with a matter arising under the internal revenue laws;

**Second:**    That the document was false as to a material matter; and

**Three:**    That the act of the defendant was willful.

Any "good motive" claimed by the defendant is never a defense alone where the act done or omitted is a crime.

There is no need for the government to show a tax due and owing, but the government must show that the tax preparer knew the return was false.

The following definitions apply to your deliberations.

### "Material"

A statement is **"material"** if it has a natural tendency to influence, or is capable of influencing, the Internal Revenue Service. The test of materiality is whether a particular item must be reported in order that the taxpayer estimate and compute his tax correctly.

The purpose of this law is not simply to ensure that the taxpayer pay the proper amount of taxes, but also to ensure that the taxpayer or his tax preparer not make misstatements that could

23

USA v. CASON                                                    1:15CR30

## FINAL JURY INSTRUCTIONS

hinder the Internal Revenue Service in carrying out such functions as the verification of the accuracy of the return or of a related return. Thus, your determination of materiality does not depend upon the amount of the unpaid tax. For example, any failure to report income is material; the omission of information necessary to compute income is material; and false statements relating to gross income, irrespective of the amount, constitute material misstatements.

### "Willfully"

As to Counts Two and Three, a person acts **"willfully"** if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. The person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something that the law forbids.

By way of illustration, and not by way of limitation, the following are examples of conduct from which willfulness may be inferred: making false entries or false documents, concealment of assets or covering up sources of income, and any conduct, the likely effect of which would be to mislead or to conceal.

In determining whether a defendant has acted willfully, evidence that the defendant has committed a consistent pattern of

USA v. CASON                                                          1:15CR30

### FINAL JURY INSTRUCTIONS

underreporting large amounts of income may support an inference of willfulness. However, whether to draw that inference or not is entirely up to you.

### "Willful Blindness"

In determining whether a defendant did willfully aid and assist in the preparation and filing of a false tax form, as charged in Counts Two and Three, the willful element may be proven by evidence that the defendant was **"willfully blind."**

In determining whether a defendant was **"willfully blind,"** you should not find the defendant guilty if all that the evidence proves is mistake or even careless disregard. The defendant must have subjectively believed that there was a high probability that a fact or circumstance existed and deliberately sought to avoid confirming that suspicion. Thus, if the evidence supports an inference that the defendant was subjectively aware of a high probability of the existence of a fact or circumstance, and he took deliberate actions to avoid learning of the fact or circumstance, you may find that the defendant acted with "willful blindness." Deliberate actions include a defendant acting with deliberate ignorance or disregard to the facts or deliberately failing to ask questions that might have incriminated him or purposely closing his eyes to avoid knowing what was taking place around him.

USA v. CASON                                                    1:15CR30

## FINAL JURY INSTRUCTIONS

If you find that the Government has proved each and every one of the three (3) essential elements as to Counts Two and Three beyond a reasonable doubt, you may find the defendant, Gregory N. Cason, guilty of the charge of Aid and Assist in the Preparation and Filing of False Tax Forms as to those counts. On the other hand, if you find that the Government has failed to prove, beyond a reasonable doubt, any one (or more) of the three (3) essential elements of the charged offenses, you must find the defendant, Gregory N. Cason, not guilty of those offenses.

### CONCLUSION

Ladies and gentlemen, that concludes my instructions for you on the law. The verdict as to the defendant must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree to it. Your verdict as to the defendant must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement if you can do so without sacrifice of conscientious conviction. Each of you must decide the case for himself or herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change your opinion if you become

USA v. CASON                                                    1:15CR30

### FINAL JURY INSTRUCTIONS

convinced that it is erroneous.  But do not surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Some of you have taken notes during the course of this trial. Notes are only an aid to memory and should not be given precedence over your independent recollection of the facts.  A juror who did not take notes should rely on his or her independent recollection of the proceedings and should not be influenced by the notes of other jurors.

Remember at all times, you are not partisans.  You are judges -- judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by either your foreperson or one or more members of the jury.  No member of the jury should attempt to communicate with the Court by any means other than a signed writing, and the Court will not communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.  Also, I will not give you transcripts of the evidence or testimony adduced at trial.  You must make your

USA v. CASON                                                    1:15CR30

## FINAL JURY INSTRUCTIONS

findings from the evidence as you remember it.

Bear in mind also that you are never to reveal to any person -- not even to the Court -- how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict.

In addition, the local rules of this Court provide that after the conclusion of a trial, no party, his agent or his attorney shall communicate or attempt to communicate concerning the jury's deliberations or verdict with any member of the jury before which the case was tried, without first obtaining an order of the Court granting permission to do so. This rule does not prevent you, the jury, from communicating with anyone concerning your deliberations or verdict, but merely governs the contact of you by other persons involved in the trial.

.    .    .

Upon retiring to the jury room you should first select one of your number to act as your foreperson, who will preside over your deliberations and who will be your spokesperson here in court.

When you go to the jury room to consider the evidence presented to you during the trial of this case, you will be furnished with a jury verdict form which is self-explanatory. You can only find a defendant either guilty or not guilty as to each of

USA v. CASON                                          1:15CR30

<u>FINAL JURY INSTRUCTIONS</u>
_____

the charges contained in the Indictment if all agree.

Do not begin your deliberations until the Clerk delivers to your jury room the verdict form and exhibits.

Finally, observing that all of the principal jurors are able-bodied and mentally alert, it now becomes my duty to ask the alternate jurors to stand aside and take a seat in the courtroom. Once the jurors commence deliberations, I will have some brief further instructions for the alternate jurors.

Ladies and gentlemen, the case is now ready for your deliberation and the Court's officer will conduct you to the jury room.